NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

------------------------------------------
IGOR DESYATNIK,                       :
                                      :
        Plaintiff,     :   Civ. No. 03-5441 (DRD)
    v.                              :
                                      :
ATLANTIC CASTING &                    :
ENGINEERING CORP.,                    :   **O P I N I O N**
                                      :
        Defendant.     :
------------------------------------------

Saul D. Zabell, Esq.
ZABELL & ASSOCIATES, PC
700 Lakeland Avenue
Bohemia, NY 11716

*Attorney for Plaintiff*


Virginia T. Shea, Esq.
CARLET, GARRISON KLEIN & ZARETSKY
1135 Clifton Avenue
PO box 2666
Clifton, NJ 07105-2666

*Attorney for Defendant*


**DEBEVOISE, Senior District Judge**

## I. PROCEDURAL HISTORY

Plaintiff, Igor Desyatik, was terminated by his employer, Defendant, Atlantic Casting & Engineering Corp., on July 9, 2002.  Thereafter, Plaintiff filed an eight count complaint against his former employer.  Defendant moved for summary judgment on all counts and this court

1

granted that motion as to six of the counts but denied the motion as to Plaintiff's claims for religious discrimination in violation of Title VII and the New Jersey Law Against Discrimination ("NJLAD"). The court further denied Defendant's motion as to Plaintiff's claim for punitive damages arising from the religious discrimination claims. Defendant now moves for reconsideration on the issue of punitive damages.

## II.  FACTUAL BACKGROUND

Plaintiff's brief in opposition to Defendant's motion for summary judgment failed to discuss six of the eight counts in his complaint. Likewise, at oral argument, Plaintiff's counsel declined to support those six counts and conceded that each one had been waived. On the other hand, Plaintiff thoroughly supported his claims of religious discrimination, in his brief as well as at oral argument. However, Plaintiff did not address the issue of punitive damages.

## STANDARD OF REVIEW

A motion for reconsideration is governed by L. Civ. R. 7.1(g). Such motions are granted sparingly, Bowers v. NCAA, 130 F.Supp. 2d 610 (D.N.J. 2001), and only when dispositive factual matters or controlling decisions of law were brought to the court's attention but not considered. McGarry v. Resolution Trust Corp., 909 F. Supp. 241, 244 (D.N.J. 1995). A motion for reconsideration may be granted if: (1) an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice. N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995).

## III.  DISCUSSION

In an order dated December 1, 2005 this court denied Defendant's motion for summary

judgment as to Plaintiff's claim for punitive damages stating that the issue depends on factual questions that should be decided at trial.

"In order to recover punitive damages, the plaintiff must prove that the defendant's conduct was wantonly reckless or malicious.  The question of whether defendants' conduct was wantonly reckless or malicious is one for the finder of fact . . . ."  Domm v. Jersey Printing Co., 871 F. Supp. 732, 739 (D.N.J. 1994).  "The issue of punitive damages is a fact question which should be decided by a jury."  Id.

Defendant argues that by failing to expressly address the issue of punitive damages in his brief and/or at oral argument, Plaintiff waived his claim for such damages.  Thus, Defendant argues, this court should have granted Defendant's motion for summary judgment as to Plaintiff's claim for punitive damages.  As Defendant states, when a party fails "to offer any argument or evidence . . . in opposition to defendants' motion for summary judgement, such claims may be deemed to have been abandoned."  Curtis v. Treloar, No. 96-1239, 1998 U.S. Dist. WL 1110448, at *9 (D.N.J. Aug. 27, 1998).

In the present case, Plaintiff clearly waived six of the eight counts listed in his complaint.  However, he thoroughly supported his claims of religious discrimination.  In establishing a prima facie case for those claims Plaintiff offered evidence of the alleged discrimination, including evidence of discriminatory comments, offensive conduct, and an adverse employment action.  Although he did not expressly discuss his claim for punitive damages, Plaintiff's arguments for the underlying discrimination claims inherently support his claim for punitive damages.

Based on the evidence presented, a reasonable jury could find that Defendant's actions were wantonly reckless or malicious and thus, that Plaintiff should be awarded punitive damages.

As such, Plaintiff did not abandon his claim for punitive damages. Rather, he presented evidence that raises a question of fact that should be decided at trial. Such was the ruling of this court in its prior order. Thus, there has been no clear error of law to warrant granting Defendant's present motion.

## IV.  **CONCLUSION**

For the reasons set forth above, Defendant's motion for reconsideration will be denied. The court will enter an order implementing this opinion.

/s/ Dickinson R. Debevoise

DICKINSON R. DEBEVOISE, U.S.S.D.J.

Dated:         January 12, 2006