UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-----------------------------------------------------------------X
IGOR DESYATNIK,                                    Case No.: 03-CV- 5411
                     Plaintiff,

                                     Hon. Dickinson R. Debevoise

   - against -

ATLANTIC CASTING &
ENGINEERING CORP.,

                   Defendants.
-----------------------------------------------------------------X

## PLAINTIFF'S REQUESTS TO CHARGE

Saul D. Zabell (SZ-2738)
Steven M. Kalebic (SM 9385)
Zabell & Associates, P.C.
Attorneys for Plaintiff
4875 Sunrise Hwy., Suite 300
Bohemia, New York 11716
(631) 589-7242
(631) 563-7475 (fax)
Szabell@laborlawsny.com

**INSTRUCTION NO.: 1**

It is now my duty as Judge to instruct you about the law and how it applies in this case. It is your duty as jurors to follow the law as I state it. You are to decide the issues of fact and apply the law to the facts.

You will determine the facts in this case from the evidence submitted in the form of testimony, depositions, stipulations and exhibits. In making these determinations, you will draw whatever inferences you think are reasonable based upon your practical knowledge of the world and of people. Having observed the witnesses, you will decide how credible they are and how much weight, if any, should be given to part or all of their testimony.

Questions by the lawyers, arguments by the lawyers and what I say are not evidence. Any views the lawyers or I express as to the facts are ours - not necessarily yours - and you are free to decide the facts yourself.

Source of Instruction: Devitt, Blackmar and Wolff, Federal Jury Practice and Instructions, § 71.01-71.04, 71.08, 71.11, 73.01 (4th ed.1987).

**INSTRUCTION NO.: 2**

The evidence in this case consists of the sworn testimony of the witnesses, regardless of who may have called them; all exhibits received in evidence, regardless of who may have produced them; and all facts which may have been admitted or stipulated.

At times during the trial I have sustained objections to questions asked without permitting the witness to answer or where an answer was made, instructed that it be stricken from the record and that you disregard it. You may not draw any inference from an unanswered question nor may you consider testimony which has been stricken in reaching your decision.

Source of Instruction: Devitt, Blackmar and Wolff, Federal Jury Practice and Instructions §71.08 (4th ed.1987).

**INSTRUCTION NO.: 3**

You should not be influenced in any way by the mere number of witnesses called by either side. The weight of the evidence is not necessarily determined by the number of witnesses testifying on either side. Rather you should consider all the facts and circumstances in evidence to determine the truth.

You should carefully evaluate all the testimony given, the circumstances under which each witness has testified and every matter in evidence which tends to indicate whether a witness is worthy of belief. You may consider each witness's demeanor and manner while on the stand, his or her intelligence and opportunity to know the facts and observe the things about which he or she testified, his or her interest in the outcome of the case and the extent to which each witness is either supported or contradicted by other evidence in the case.

Source of Instruction: Devitt, Blackmar and Wolff, Federal Jury Practice and Instructions, §72.13, 73.01 (4th ed.1987).

**INSTRUCTION NO.: 4**

The burden is on the Plaintiff to prove every element of his claim by a preponderance of the evidence.

To establish by a preponderance of the evidence means to prove that something is more likely so than not so. In other words, a preponderance of the evidence means such evidence as, when considered and compared with that opposed to it, has more convincing force and produces in your minds belief that what is sought to be proved is more likely true than not true. If, on any issue in this case, the evidence is equally balanced, you cannot find that the issue has been proved by a preponderance of the evidence.

The rule does not, of course, require proof to an absolute certainty since proof to an absolute certainty is seldom possible in any case.

Members of the Jury, the Plaintiff claims his employment with Defendant was terminated because of his religion. The Defendant denies that religion was a motivating factor in its decision to terminate Plaintiff. In order to succeed on his claim, the Plaintiff must prove each of the following elements.

First, he was terminated, and second, his religion was a motivating factor in the decision to do so. Plaintiff; in other words, must prove that the Defendant had a discriminatory purpose or motive. On the other hand, it is not necessary for the Plaintiff to prove that his religion was the sole or exclusive reason for the employer's decision. It is sufficient if the Plaintiff proves that his religion was a motivating consideration that made a difference in the employer's decision.

Source of Instruction: Williams v. Eau Claire Pub. Sch., 397 F.3d 441, 444 (6th Cir. 2005).

**INSTRUCTION NO.: 5**

In analyzing claims under LAD, New Jersey courts have "generally followed the approach utilized by the federal courts in civil rights cases involving Title VII (42 U.S.C. § 2000e-2) complaints." Myers v. AT & T, 380 N.J. Super . 443, 452 (App.Div.2005), certif. denied, 186 N.J. 244 (2006). See also Edwards v. Schlumberger-Well Servs., 984 F.Supp. 264, 274 (D.N.J. 1997) (listing New Jersey and federal appellate cases applying the federal discrimination law standards to state law claims brought under the LAD).

42 U.S.C. §2000e-2(a) provides:

It shall be an unlawful employment practice for an employer

(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individuals race, color, religion, sex, or national origin;

or

(2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

Source of Instruction: 42 U.S.C. §2000e-2(a).

**INSTRUCTION NO.: 6**

Plaintiff has alleged that he has been discriminated against on the basis of his religion. The prohibition against religious discrimination applies to all aspects of religious observance, practice, and belief.

Source of Instruction: 42 U.S.C. §2000e(j).

**INSTRUCTION NO.: 7**

Plaintiff must prove, either directly or indirectly, that Defendant engaged in intentional discrimination. Direct evidence of discrimination is evidence of remarks or actions that, if believed, would directly prove that Plaintiff's religion was a motivating factor in Defendant's treatment of Plaintiff.

Indirect or circumstantial evidence would include proof of a set of circumstances that would allow one to reasonably believe that religion was a motivating factor in Defendant's treatment of Plaintiff.

Source of Instruction: 42 U.S.C. §2000e-2(m); McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973); Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248 (1981).

**INSTRUCTION NO.: 8**

To prove intentional discrimination, Plaintiff need not prove that his religion was the sole motivation or the primary motivation for employment decision.

Plaintiff is not required to produce direct evidence of unlawful intent. It is not easy to prove motive directly because there sometimes is no way to fathom or scrutinize the operations of the human mind. Intentional discrimination, however, if it exists, is a fact which you may infer from the existence of other facts.

With respect to each of Plaintiff's claims, in deciding whether Defendant intentionally discriminated against Plaintiff because of his religion, you should first consider whether Plaintiff has established the following elements:

1. Plaintiff adheres to a religious belief;
2. Plaintiff was satisfactorily performing his job at the time of the employment decision;
3. Plaintiff suffered from an adverse employment decision;

4. Defendant chose individuals with different religious beliefs but with similar qualifications or qualifications not equal to Plaintiff's to perform the job; and
5. Plaintiff was damaged as alleged in his complaint.

If you find that Plaintiff has proved each of these elements, then Plaintiff has proved a prima facie case. A prima facie case means that Plaintiff has sufficiently established his cause of action by a preponderance of the evidence and is entitled to a verdict in his favor unless Defendant rebuts such evidence.

Thus, it then becomes your duty to determine the second issue, namely, did Defendant introduce evidence showing that there was a legitimate, nondiscriminatory reason why it terminated Plaintiff. If your answer on this second issue is yes, that Defendant has articulated or stated its legitimate, nondiscriminatory reason for its decision to terminate Plaintiff, then you should decide in favor of Defendant, unless Plaintiff has also proved by a preponderance of the evidence that Defendant's articulated legitimate, nondiscriminatory reason is a pretext, disguising an underlying intent to discriminate on the basis of religion.

Source of Instruction: McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).

**INSTRUCTION NO.: 9**

To establish discrimination by using indirect evidence, Plaintiff must prove what is called a prima facie case of religious discrimination.

To establish a prima facie case, Plaintiff must prove each of the following elements by a preponderance of the evidence:

(1) he is a member of a protected class;
(2) he was qualified for the position;
(3) despite his qualifications, he was terminated; and
(4) he was replaced by a person of another religion.

Source of Instruction: McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973); Ashwal v. Prestige Management Svcs., Inc., 2007 WL 2989718 (N.J.Super.A.D. Oct. 16, 2007); Goosby v. Johnson & Johnson Med., Inc., 228 F.3d 313, 318-319 (3d Cir. 2000) (citing Ezold v. Wolf, Block, Schorr & Solis-Cohen, 983 F.2d 509, 522 (3d Cir.1992)).

**INSTRUCTION NO.: 10**

A legitimate, nondiscriminatory reason is any reason or explanation unrelated to Plaintiff's religion. In considering the legitimate, nondiscriminatory reason stated by Defendant for its decision, you are not to second-guess that decision or to otherwise substitute your judgment for that of the Defendant.

Source of Instruction: 42 U.S.C. §2000e-2(k)(1)(C)(2); McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973); Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248 (1981); Tincher v. Wal-Mart Stores, Inc., 118 F.3d 1125, 1130 (7th Cir. 1997) ("The mere fact that the employer acted incorrectly or undesirably, however, cannot adequately demonstrate pretext; rather the employee must prove that the employer did not honestly believe the reasons it gave for the firing.").

**INSTRUCTION NO.: 11**

You may find that Plaintiff's religion was a motivating factor in Defendant's decision if it has been proved by the preponderance of the evidence that Defendant's stated reason for its decision is not the true reason, but is a "pretext" to hide discriminatory motivation.

Source of Instruction: Model Jury Instructions (Civil) Eighth Circuit §5.95 (2001); St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502 (1993); Goosby, 228 F.3d at 319; see also Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 143, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000).

**INSTRUCTION NO.: 12**

You may find that Defendant had more than one reason or motivation for its actions. For example, you may find that Defendant was motivated both by Plaintiff's religion and by other, nondiscriminatory factors, such as the Plaintiff's job performance. To prevail, Plaintiff is not required to prove that his religion was the only reason or motivation for Defendant's actions. Rather, Plaintiff must only prove that his religion played a role in the decision and that it made an actual difference in Defendant's decision. If you find that Plaintiff's religion did make an actual difference in Defendant's decision, then you must enter judgment for Plaintiff.

Source of Instruction: Bergen Commercial Bank v. Sisler, 157 N.J. 188, 207 (1999); Greenberg v. Camden County Vo-Tech Schools, 310 N.J. Super. 189, 198 (App. Div. 1998).

**INSTRUCTION NO.: 13**

Plaintiff accuses Defendant of religion discrimination in violation of federal law. To succeed on this claim, Plaintiff must prove by a preponderance of the evidence that Defendant took adverse employment action against him because of religion.

An "adverse employment action" is one that, standing alone, actually causes damage, tangible or intangible, to an employee. The fact that an employee is unhappy with something his or her employer did or failed to do is not enough to make that act or omission an adverse employment action. An employer takes adverse action against an employee only if it: (1) takes something of consequence away from the employee, for example, by discharging or demoting the employee, reducing his or her salary, or taking away significant responsibilities; or (2) fails to give the employee something that is a

customary benefit of the employment relationship, for example, by failing to follow a customary practice of considering the employee for promotion after a particular period of service. An adverse employment action by a supervisor is an action of the employer.

Plaintiff need not show that religion discrimination was the only or predominant factor that motivated Defendant. In fact, you may decide that other factors were involved as well in Defendant's decision-making process. In that event, in order for you to find for Plaintiff, you must find that he has proven that, although there were other factors, he would not have been terminated without the discrimination based on religion.

Plaintiff is not required to produce direct evidence of unlawful motive. You may infer knowledge and/or motive as a matter of reason and common sense from the existence of other facts, for example, explanations that were given that you find were really pretextual. "Pretextual" means false or, though true, not the real reason for the action taken.

Source of Instruction: Proposed Civil Pattern Jury Instructions – Employment Discrimination (Disparate Treatment), Judge Hornby, United States District Court, District of Maine, §1.1 (2004); Viscik v. Fowler Equip. Co. Inc., 173 N.J. 1 (2002) (noting that "[t]he employer's subjective decision making may be sustained even if unfair"); Maiorino v. Schering Plough Corp., 302 N.J. Super. 323, 345 (App. Div. 1997) (noting that "[t]here is no principle of law that requires that a business 'decision be popular with employees; [a]s long as the decision is not based on unlawful ... discrimination, 'the courts have no business telling [companies] ... how to make personnel decisions'"), certi. denied, 152 N.J. 189 (1997); Fuentes v. Perskie, 32 F.3d 759, 765 (3d Cir. 1994).

## INSTRUCTION NO.: 14

Your verdict must be for Plaintiff and against Defendant on Plaintiff's religious discrimination claim if all the following elements have been proved by the preponderance of the evidence:

1. Plaintiff was terminated by Defendant; and

2. Plaintiff's religion was a motivating factor in Defendant's decision to terminate Plaintiff.

If either of the above elements has not been proved by the preponderance of the evidence, your verdict must be for Defendant and you need not proceed further in considering this claim.

Source of Instruction: 42 U.S.C. §2000e-2(a) & 2(m); Abramson v. William Paterson College of New Jersey, 260 F.3d 265 (3d Cir. 2001).

**INSTRUCTION NO.: 15**

The question for you, members of the jury, is whether Plaintiff's religion was a determinative factor in the termination of Plaintiff's employment. Plaintiff need not prove that his religion was the sole factor motivating Defendant. However, Plaintiff must prove that he would not have been terminated if his religious beliefs had not been taken into account.

The issue you are to decide is whether Plaintiff's religion was a determinative factor in Defendant's termination of Plaintiff. The issue is not whether Plaintiff was treated fairly or whether there was a personality conflict between Plaintiff and his superiors or whether he was treated differently than other employees or whether Defendant made sound management decisions.

If you find that Defendant terminated Plaintiff for reasons in which his religion was not a determinative factor, then you must return a verdict in favor of Defendant.

Source of Instruction: Hook v. Ernst and Young, 28 F.3d 366, 369-70 (3rd Cir. 1994); Abramson v. William Paterson College of New Jersey, 260 F.3d 265 (3d Cir. 2001).

**INSTRUCTION NO.: 16**

Your verdict must be for Plaintiff and against Defendant on Plaintiff's religious discrimination claim if all the following elements have been proved by the preponderance of the evidence:

First, Defendant lowered Plaintiff's performance appraisal and recommended that Plaintiff be fired; and

Second, Plaintiff's religion was a determining factor in Defendant's actions.

If any of the above elements have not been proved by the preponderance of the evidence, your verdict must be for Defendant.

Religion is a determining factor only if Defendant would not have lowered Plaintiff's performance appraisal and recommended that Plaintiff be fired but for Plaintiff's religion; it does not require that religion be the only reason for the actions taken by Defendant. You may find that religion was a determining factor if you find Defendant's stated reason for her actions is not the true reason but is a pretext to hide discriminatory motivation.

Source of Instruction: Abramson v. William Paterson College of New Jersey, 260 F.3d 265 (3d Cir. 2001); Bergen Commercial Bank v. Sisler, 157 N.J. 188, 207 (1999); Greenberg v. Camden County Vo-Tech Schools, 310 N.J. Super. 189, 198 (App. Div. 1998).

**INSTRUCTION NO.: 17**

I will now give you instructions about how to calculate damages. You should not consider the fact that I am giving you this instruction as suggesting any view of mine as to which party is entitled to your verdict in this case, or that I think that you should award any damages. Those decisions are entirely for you to make. I am giving you these instructions solely for your guidance, in the event that you find in favor of Plaintiff on his claim against Defendant. The fact that I do does not in any way mean that I think you should award any damages; that is entirely for you to decide. If you find for Plaintiff on his claim that Defendant discriminated against him because of his religion, then you must determine whether he is entitled to damages in an amount that is fair compensation. You may award compensatory damages only for injuries that Plaintiff proved were caused by Defendant's allegedly wrongful conduct. The damages that you award must be fair compensation, no more and no less. You may award compensatory damages for emotional pain and suffering, inconvenience, and mental anguish if you find that they were caused by Defendant's discrimination. No evidence of the monetary value of such intangible things as pain and suffering has been or need be introduced into evidence. There is no exact standard for fixing the compensation to be determined for these elements of damage. Any award you make should be fair in light of the evidence produced at trial. In determining the amount of damages, you should be guided by dispassionate common sense. You must use sound discretion in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation, or guesswork. On the other hand, the law does not require that Plaintiff prove the amount of his/her losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit. You may not consider the amount of lost wages or other benefits, if any, claimed by Plaintiff in this case. Likewise, you may not consider the cost to Plaintiff of hiring an attorney. Those attorneys' fees and lost wages are determined by the court, if necessary, and may not be included in your damages award.


Source of Instruction: Standing Orders, Jury Instructions - Title VII Discrimination, Magistrate Judge John M. Facciola, United States District Court for the District of Columbia.

**INSTRUCTION NO.: 18**

In addition to the damages mentioned in the other instructions, the law permits the jury under certain circumstances to award an injured person punitive damages in order to punish Defendant for some extraordinary misconduct and to serve as an example or warning to others not to engage in such conduct.

If you find in favor of Plaintiff on Plaintiff's claim for religious discrimination, and you find that Defendant would not have made the same decision regardless of Plaintiff's religion, and if you find that Defendant acted with malice or with reckless indifference to Plaintiff's right not to be discriminated against on the basis of his religion, then in addition to any damages to which you find Plaintiff entitled, you may, but are not required to,

required to, award Plaintiff an additional amount as punitive damages. Whether to award Plaintiff punitive damages, and the amount of those damages, are within your discretion.

Source of Instruction: Model Jury Instructions (Civil) Eighth Circuit §5.04 (2001); <u>Pacific Mut. Life Ins. Co. v. Haslip</u>, 499 U.S. 1 (1991).

## INSTRUCTION NO.: 19

In this case, you may award punitive damages if you find that Defendant acted with malice, that is, out of ill will, spite, or for the purpose of causing injury to Plaintiff; or with reckless indifference to Plaintiff's right to be free from discrimination based on religious belief.

If you determine that Defendant's conduct justifies an award of punitive damages, then in determining the amount, you should consider the following:

1. How offensive was Defendant's conduct?
2. How did Defendant's conduct impact Plaintiff?
3. What amount is needed, considering Defendant's financial condition, to prevent further repetition of Defendant's conduct?
4. Does the amount of punitive damages have a reasonable relationship to the amount of actual damages awarded? Sympathy for or dislike of any party should not influence your decision.

Source of Instruction: <u>Pacific Mut. Life Ins. Co. v. Haslip</u>, 499 U.S. 1, 19 (1991); <u>Mogull v. CB Commercial Real Estate Group, Inc.</u>, 162 N.J. 449, 473, 744 A.2d 1186 (N.J. 2000).

## INSTRUCTION NO.: 20

The fact that I instruct you on damages does not represent any view by me that you should or should not find Defendant liable.

Plaintiff seeks to recover damages for emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-economic losses.

You must not consider any lost wages or fringe benefits. Federal law requires that I, as the judge, determine the amount of any lost wages and fringe benefits that Plaintiff shall recover if you find Defendant liable. Distress arising from this lawsuit, or legal expenses incurred in this lawsuit must also not be included in these damages. You must determine instead what other loss, if any, Plaintiff has suffered or will suffer in the future caused by any religious discrimination that you find Defendant has committed under the instructions I have given you. We call these compensatory damages. You may award compensatory damages for emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-economic losses if you determine that Plaintiff has proven, by a preponderance of the evidence, that he has experienced any of these consequences as a result of religious discrimination. No evidence of the monetary value of intangible things

like emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-economic losses is available and there is no standard I can give you for fixing any compensation to be awarded for these injuries. Even though it is obviously difficult to establish a standard of measurement for these damages, that difficulty is not grounds for denying a recovery on this element of damages. You must, therefore, make the best and most reasonable estimate you can, not from a personal point of view, but from a fair and impartial point of view, of the amount of emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-economic losses you find that Plaintiff has undergone and can probably be expected to suffer in the future as a result of Defendant's conduct. And you must place a money value on this, attempting to come to a conclusion that will be fair and just to both of the parties. This will be difficult for you to measure in terms of dollars and cents, but there is no other rule I can give you for assessing this element of damages.

You may also award Plaintiff prejudgment interest in an amount that you determine is appropriate to make him whole and to compensate him for the time between when he was injured and the day of your verdict. It is entirely up to you to determine the appropriate rate and amount of any prejudgment interest you decide to award.

If you find that Plaintiff is entitled to damages for losses that will occur in the future, you will have to reduce this amount, whatever it may be, to its present worth. The reason for this is that a sum of money that is received today is worth more than the same money paid out in installments over a period of time, since a lump sum today, such as any amount you might award in your verdict, can be invested and earn interest in the years ahead.

You have heard testimony concerning the likelihood of future inflation and what rate of interest any lump sum could return. In determining the present lump sum value of any future earnings you conclude Plaintiff has lost or future damages Plaintiff will suffer, you should consider only a rate of interest based on the best and safest investments, not the general stock market, and you may set off against it a reasonable rate of inflation.

Plaintiff has the duty to mitigate his damages—that is, to take reasonable steps that would reduce the damages. If he fails to do so, then he is not entitled to recover any damages that he could reasonably have avoided incurring. Defendant has the burden of proving, by a preponderance of the evidence that he failed to take such reasonable steps.

Source of Instruction: Proposed Civil Pattern Jury Instructions – Employment Discrimination (Disparate Treatment), Judge Hornby, United States District Court, District of Maine, §7.1 (2004).

**INSTRUCTION NO.: 21**

Your verdict must be for Plaintiff (and against Defendant) on Plaintiff's religious discrimination claim if both of the following elements have been proved by the preponderance of the evidence:

1. Defendant terminated Plaintiff; and
2. Plaintiff's religion was a determining factor in Defendant's decision.

If either of the above elements has not been proved by the preponderance of the evidence, your verdict must be for Defendant.

Religion was a "determining factor" only if Defendant would not have terminated Plaintiff but for his religion; it does not require that religion was the only reason for Defendant's decision. You may find religion was a determining factor if you find Defendant's stated reason for its decision is not the true reason, but is a "pretext" to hide discriminatory motivation.

Source: Devitt, Blackmar and Wolff, Federal Jury Practice and Instructions §104.07 (4th ed., 1999 pocket part and 2000 supplemental service).

## INSTRUCTION NO.: 22

In conducting your deliberations, you must understand that nothing I have said is intended to indicate to you my opinion as to the facts or as to the results which I feel this case should reach. You are the sole judges of the facts. Your verdict must be unanimous. It is your duty to consult with one another and to deliberate with a view to reaching an agreement. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors or for the mere purpose of returning a verdict.

Source: Devitt, Blackmar and Wolff, Federal Jury Practice and Instructions, §74.01 (4th ed.1987); 9 Bender's Federal Practice Forms 51:16 (1997)

## INSTRUCTION NO.: 23

A verdict form has been prepared for your use. The foreperson should insert the words and figures which you, as a jury, agree is your verdict. The foreperson will then sign and date the verdict form and notify the marshal of that fact. If it becomes necessary during your deliberations to communicate with the Court, you may send a note by the marshal. I will be available throughout the remainder of the day and until your verdict forms are completed and returned to the marshal.
If you do not arrive at a verdict by the end of the day, you will continue your deliberations until you arrive at a verdict. You will be allowed to separate and return home at the end of the day, and will return the next day to continue your deliberations. With these instructions, the marshal will provide the foreman with the verdict forms and I ask you to proceed to the jury room to begin your deliberations.

Source: Devitt, Blackmar and Wolff, Federal Jury Practice and Instructions, §74.08 (4th ed.1987).

**INSTRUCTION NO.: 24**

If you find in favor of Plaintiff on Plaintiff's claim for religious discrimination, and you find that Defendant would not have made the same decision regardless of Plaintiff's religion, but you find that Plaintiff's damages have no monetary value, then you must return a verdict for Plaintiff in the nominal amount of one dollar ($1.00).

Source of Instruction: Model Jury Instructions (Civil) Eighth Circuit §5.03 (2001).